(14 Misc. Rep. 156.)

### VOLKENING v. BRANDT et al.

(Supreme Court, Special Term, New York County.  October, 1895.)

RECEIVERS—INJUNCTION CONDITIONALLY VACATED—APPLICATION OF RENTS.

Where an injunction granted in an action to foreclose a mortgage restraining a receiver of the mortgaged premises appointed in another action from collecting rents pending the application of plaintiff therein for a receiver of the same premises is, in order to prevent loss of the rents, by reason of there being no one authorized to collect them, vacated on condition that no disposition shall be made of the rents without notice to plaintiff, the receiver holds the rents thereafter collected subject to the equitable rights of plaintiff.

Action by Otto Volkening against William H. Brandt and others to foreclose a mortgage.  A receiver was appointed to receive the rents of the mortgaged property, and now presents his account for settlement.

Albert J. Wise, for plaintiff.

Otis & Pressinger, for defendants.

Louis E. Bomeisler, for receiver.

BEEKMAN, J.  The injunction which accompanied the order to show cause, dated March 14, 1895, was intended to arrest the collection of the March and April rents by the receiver in the superior court action, in order to subject them to appropriation for the benefit of the plaintiff herein in case a receiver of the rents of the mortgaged premises should be appointed in this action pursuant to said order to show cause.  Upon the return day of said order it appeared that the above-mentioned receiver had not been served therewith, and an adjournment was accordingly taken for the purpose of bringing him in.  Upon the adjourned day the motion was argued and submitted for decision.  At the same time the counsel for the plaintiff in the superior court action called the attention of the court to the fact that, if the injunction restraining the receiver from collecting the rents should continue, loss would result to all parties, by reason of there being no one authorized to collect the same.  Thereupon the injunction was vacated, upon the condition that no application for the disposition of the moneys so collected by the receiver should be made without notice to the plaintiff in this action.  The motion herein was subsequently decided in favor of the plaintiff, and the receiver in the other action was appointed as such in this.  The March and April rents, however, were collected by him after the vacating of the injunction, but before his actual appointment in this action; and both he and the attorney for the plaintiff in the other action contend that by reason of that fact such rents are not applicable to plaintiff's claim, but are to be disposed of for the benefit of the plaintiff in the superior court action.  I do not agree with this view.  While, perhaps, the order vacating the injunction should have been more explicit, and should have declared that the rents thereafter collected should be held by said receiver subject to the further order of this court, it was undoubtedly understood that they were to be collected by the receiver

in order to prevent their loss, and that they should be subject to the equitable right of the plaintiff to have them applied for his benefit should his application for the appointment of a receiver be granted. He is not to lose the benefits which he would have enjoyed had the injunction been continued by reason of the fact that the receiver in the other action was permitted to collect the rents under the circumstances which appear in this case, and solely for the protection from loss of all who had any interest in or claim to them. It would be inequitable to permit the plaintiff in the superior court action to take an advantage from what was done, in permitting him to collect the rents, which was not intended to be conferred. The receiver is, therefore, to be regarded as the recipient and custodian for the time being of such rents until this court shall take action in the appointment of a receiver, and the equitable lien of the plaintiff be perfected. The case, therefore, is not analogous to those cited by counsel, which held that the receiver of rents in a foreclosure action is entitled to claim only such rents as had not actually been paid at the date of his appointment. In the present case the rents in question have been arrested before collection by the receiver through the interposition of this court, pending proceedings for their sequestration in this action; and while it is so that the receiver was permitted by this court, before his actual appointment herein, to collect such rents, he received and continued to hold them for the reasons above stated, subject to their appropriation in this action upon the appointment of the receiver which was subsequently made. The plaintiff claims only the April rents. I am, therefore, of the opinion that the receiver should account in this action for such rents.

I understand that the only other objection to the receiver's accounts is to the item of $75 expended by him for the services of counsel. I have nothing before me upon which to form an opinion as to the propriety of this item, and as the amount is so small as hardly to justify the expense of a reference, I will pass upon the propriety of the charge if an affidavit be submitted setting forth in itemized form the nature of the services rendered for which the charge is made. A copy of the affidavit should be served upon the attorney for the plaintiff, who may answer the same if he sees fit to do so; all papers, including the receiver's accounts and vouchers, to be submitted to me not later than October 17, 1895. Proposed orders should also be served and submitted with the other papers.

Ordered accordingly.